UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA BURKE,

    Plaintiff,

v.                                                                  Case No. 8:08–cv–2072–T–24–TGW

LABORATORY CORPORATION
OF AMERICA,

    Defendant.
_____/

## **ORDER**

The Court now considers Defendant Laboratory Corporation of America's Motion to Strike Portions of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 42). Plaintiff Barbara Burke opposes the motion. (Doc. 44).

Defendant ("Lab Corp.") asks the Court to strike from Burke's summary judgment response (Doc. 41) any reference to the deposition of Jacobo Sznapstajler because Burke failed to disclose Szanpstajler's deposition in violation of Federal Rule of Civil Procedure 26(a)(1).

Rule 26 requires the parties to disclose the names of all people likely to have discoverable information and a copy of all documents the party may use to support its claim. Fed. R. Civ. P. 26(a)(1)(A)-(B). The rule does not require disclosure of documents or the names of people that will be used "solely for impeachment." Id.

In this case, Burke did not disclose Sznapstajler's deposition in the initial disclosure under Rule 26(a)(1) and did not supplement the disclosures under Rule 26(f). Nevertheless, Burke cited to the deposition in her response to Lab Corp.'s summary judgment motion. (Doc.

1

41.)

Unless Burke had "substantial justification" for failing to disclose the deposition or unless Burke's mistake was harmless, Rule 37(c)(1) provides that the Court can strike Burke's references to the deposition and can prevent Burke from relying on the undisclosed evidence in a motion or at trial. However, exclusion is not mandatory.

Rule 37(c)(1) provides that instead of sanctioning a party by excluding evidence, the Court may impose other appropriate sanctions. Those sanctions include awarding, upon motion, reasonable expenses and attorney's fees incurred because of the discovery violation. Fed. R. Civ. P 37(c)(1)(A). See also Bearint ex rel. Bearint v. Dorell Junvenile Group, Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004) (finding that a district court had discretion to either admit or exclude an untimely expert report).

Burke does not provide a "substantial justification" under Rule 37(c)(1) for failing to disclose the deposition. Burke argues that she did not include the deposition in her initial disclosure because Rule 26 does not require parties to disclose impeachment material. Burke asserts that she will only offer Jacobo Sznapstajler's deposition at trial on her age discrimination claim to impeach Terry Farrell, the vice president of sales, if he denies instructing employees to hire good-looking, young talent. (Doc. 44.)

Burke, however, has not offered the deposition in her summary judgment response for impeachment purposes. Instead, Burke offers the depositions as substantive evidence of age animus and as substantive evidence that the Lab Corp.'s reduction in force was not legitimate. Thus, she lacks a substantial justification for failing to disclosure the deposition.

However, the Court finds that Burke's error will only cause Lab Corp. slight harm. Lab

Corp. cannot claim unfair surprise since it knew about the existence of Szanpstajler's deposition. Sznapstajler was deposed in a separate employment case filed in the Southern District of Florida against Lab Corp. <u>Sznapstajler v. Laboratory Corp. of America</u>, No. 08-605111-CIV (S.D. Fla. 2009). Lab Corp.'s counsel in this case, Thomas H. Loffredo, was present at the deposition, which took place at Mr. Loffredo's law office in Ft. Lauderdale. (Doc. 41, Ex. 4.) Burke's counsel, who also represented Sznapstajler, was also present.

In the deposition, Sznapstajler, a former Lab Corp. employee, testified that Terry Farrell, the vice president of sales, instructed him to hire "good looking" and "young" female talent. Sznapstajler testified that Farrell told him: "You need to hire young talent" and praised him for hiring good-looking women. (Sznapstajler Dep. at 47-48.) Sznapstajler also testified that Farrell said he preferred that Sznapstajler not hire anyone close to retirement age. (Sznapstajler Dep. at 47-48.)

Sznapstajler does not mention Burke in his deposition, and he testified that Farrell's remarks occurred on June 22, 2007—about eight months before Lab Corp. eliminated Burke's position. (Doc. 42 at 4.) However, Farrell was one of the managers that chose to eliminate Burke's position as part of a downsizing that began in July 2007, around the same time of Farrell's alleged remarks. Farrell also fired Burke, who alleges age discrimination, on the morning she returned to work. (Doc. 32.)

Lab Corp. argues that the Court should exclude the deposition since Mr. Sznapstajler's testimony cannot support a finding of age discrimination. The Court is not so certain. A jury could find Sznapstajler's testimony credible. Even though Sznapstajler does not testify that Farrell spoke about Burke specifically, a jury could reasonably consider his comments evidence

3

of a general disposition to fire older woman in order to hire younger, good looking women.

Moreover, the determination of a trial court in the Southern District of Florida in a different case, involving different facts, that Farrell's comments were "stray" remarks not probative of age discrimination or pretext does not bind this Court in Burke's case.[1]

The Court finds that Sznapstajler's deposition could be important to Burke's age discrimination and FMLA claim against Lab Corp.[2]

Moreover, the prejudice against Lab Corp. is minimal, and can be easily overcome before trial if the case proceeds to trial. If Lab Corp. wishes to depose Sznapstajler a second time, it may do so even though the discovery deadline has passed.

As a sanction for Burke's failure to disclose the deposition in her initial disclosure, the Court will entertain a motion under Rule 37(c)(1)(A) to order Burke to pay reasonable expenses and attorney's fee for any expenses incurred as a result of this violation.

The Court determines that this sanction is more equitable than excluding the deposition testimony since Mr. Sznapstajler's deposition testimony is important to Burke's case, since Burke had some basis—although not a substantial one—for his error, and since the prejudice to Lab Corp. is minimal.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Strike

---

[1] See Sznapstajler v. LabCorp., No. 08-60511-CIV, 2009 WL 129382 (S.D. Fla. Jan. 20, 2009), and Sznapstajler v. LabCorp., No. 08-60511-CIV, 2009 WL198016 (S.D. Fla. Jan. 23, 2009).

[2] See Bearint, 389 F.3d at 1354 (stating that when reviewing a district court's exclusion of evidence as a sanction under Rule 37, the 11th Circuit considers the importance of the testimony, the reasons for failing to disclose the evidence, and the prejudice to the opposing party if witness is allowed to testify).

Portions of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 42.) is **DENIED**.

    **DONE AND ORDERED** at Tampa, Florida, this 25th day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record